# Staunton.

## HORNER'S ADMINISTRATOR v. EBERSOLE.

### SEPTEMBER 29th, 1887.

PRACTICE AT COMMON LAW—*Covenant—Dependent agreements.*—Upon terms not specified in a writing signed and sealed, parties agreed to exchange lands. By writing signed but not sealed of same date, and referring to the other, it was agreed that $500 should be the consideration for the exchange.

HELD:

  The two writings constitute one agreement, and covenant lies to recover the money.

Error to judgment of circuit court of Frederick county rendered at its November term, 1886, in an action of covenant wherein A. N. Horner, executor of A. H. Horner, deceased, is plaintiff, and J. F. Ebersole is defendant. The court below sustained defendant's demurrer to the declaration, and plaintiff declining to amend, entered judgment for defendant. To this judgment plaintiff obtained a writ of error. Opinion states the case.

*A. R Pendleton,* for the plaintiff in error.

*J. J. Williams* and *Barton & Boyd,* for the defendant in error.

LACY, J., delivered the opinion of the court.

This case is as follows: On the twenty-second day of July, 1873, Horner and Ebersole entered into a contract to

exchange certain lands in Iowa, on the one hand, for certain lands in the county of Warren, State of Virginia, upon terms to be agreed between them, and executed this contract under seal; and on the same day agreed in writing, upon the terms of exchange, referring therein to the first agreement; and Ebersole agreed to pay $500 as the difference in the value of the two farms, he to give his notes to Horner for his, when the deeds were given or exchanged between one Brosius (the legal owner of one tract) and Ebersole. This written agreement was signed, but was not under seal.

The exchange of lands was carried out, but the $500 was not paid by Ebersole. So, on the sixth day of October, 1884, Horner's administrator—Horner being dead—instituted an action of covenant on the two agreements, therein treating them as parts of one transaction. The defendant, at the trial, demurred to the declaration, and the court sustained the demurrer. The plaintiff asking leave to amend his declaration, such leave was granted, and no final judgment was rendered at that term. The same course was taken on the amended declaration; that being demurred to and the demurrer sustained, and leave given to amend, and the case continued. At the next term, and the third trial, the second amended declaration was demurred to, and the demurrer sustained. The plaintiff declined to amend further, and there was rendered a final judgment for the defendant. Whereupon the plaintiff applied for and obtained a writ of error to this court.

The ground upon which the demurrer was sustained by the circuit court is stated, in argument, to be that the first writing did not comprise a promise to pay the $500, nor any other sum; and the agreement to pay this in the second writing, not being under seal, covenant would not lie thereon. As has been said, the two writings were made on the *same day*, between the *same parties*, and concern--

ing the *same subject-matter;* one referred to the other, and neither was a complete agreement standing alone. They were not intended to stand alone, but were dependent upon each other, one referring to the other.· While neither one taken alone would make a complete contract, both taken together they constitute one agreement. We think these were dependent agreements, constituting one contract, and that the action of covenant does lie, and is the proper form of action upon them, taken together, for any breach of any agreement found in either—either for the exchange of the lands or for the payment of the money agreed to be paid as the difference between the parcels of lands; that the declaration was in proper form, and the demurrer should have been overruled. The circuit court erred in its judgment sustaining the demurrer to the second amended declaration; and for that cause the said judgment will be reversed and amended, and the case remanded for a new trial, to be had in the circuit court of Frederick county.

We have said nothing upon the action of the circuit court upon the demurrer to the first declaration, and the first amended declaration. The plaintiff having waived his right to appeal as to these rulings, and having elected to amend his declaration, these orders of the circuit court are not subject to review here. See the case of *Darracott· v. Railroad, ante,* p. 288 and the cases there cited.

JUDGMENT REVERSED.